**FILED**

February 15 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0263

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 22

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

RONALD PETERSEN,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                      In and For the County of Lake, Cause No. DC 08-26
                      Honorable C.B. McNeil, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Joslyn Hunt, Chief Appellate Defender, Koan Mercer, Assistant Appellate
                Defender, Helena, Montana

        For Appellee:

                Steve Bullock, Montana Attorney General, Mark W. Mattioli, Appellate
                Services Bureau Chief, Helena, Montana

                Mitchell A. Young, Lake County Attorney, Polson, Montana


                        Submitted on Briefs:  January 20, 2011

                                    Decided:  February 15, 2011


Filed:

_____
                               Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     After admitting to a charge of deliberate homicide, Ronald Petersen entered into a plea agreement under which he agreed to be sentenced to 100 years at Montana State Prison (MSP), none suspended. The Twentieth Judicial District Court accepted the plea agreement but added 10 years consecutive to the 100-year sentence as a weapon enhancement sentence. Petersen appealed the enhanced sentence. Before appellate briefing began, Petersen moved for and we granted a stay and remanded the case to allow Petersen to file a motion to withdraw his plea. On remand, the District Court withdrew the challenged sentence, entered an amended sentence without the 10-year enhancement, and denied Petersen's motion to withdraw his plea. Petersen appeals the court's denial of his motion to withdraw his plea, challenging the District Court's authority to withdraw its original sentence and replace it with an amended sentence. We vacate the District Court's amended judgment and remand with instructions to strike the enhanced portion of the original sentence. We affirm the court's denial of Petersen's motion to withdraw his plea.

## ISSUE

¶2     A restatement of the issue on appeal is whether the District Court erred when it amended its original judgment and denied Petersen's motion to withdraw his guilty plea.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     After breaking into Clyde Wilson's home in January 2008 and shooting Wilson to death while Wilson slept, Petersen, an active duty member of the Army, returned to Fort Bragg and turned himself in to an Army investigator. Petersen was extradited to

Montana and charged by Information with deliberate homicide. The Information did not include a weapon enhancement charge. Approximately one year after being charged, Petersen entered into a plea agreement and changed his original "not guilty" plea to "guilty." Neither the plea agreement nor the parties at the plea hearing recommended or discussed a weapon enhancement sentence. Under the plea agreement, entered expressly pursuant to § 46-12-211(1)(b), MCA, both the State and Petersen recommended a sentence of 100 years at MSP, none suspended. The court ordered a pre-sentence investigation (PSI) and set a sentencing hearing for February 4, 2009, which was reset for March 23, 2009. The PSI concurred with the terms of the plea agreement.

¶4 At the close of the March 23 sentencing hearing, the court stated:

> It's the sentence and judgement [sic] of this [c]ourt that the defendant is sentenced to 100 years in the Montana State Prison, no part of which is suspended. . . .
> In addition, as a sentencing enhancement, pursuant to Section 46-18-221, for admitting to the use of a firearm in the commission of deliberate homicide, the defendant is sentenced to 10 years in the Montana State Prison, no part of which is suspended and which is to run consecutive to the 100 years imposed for the deliberate homicide.
> The reasons for the sentence are that it imposes the sentence of the plea agreement as recommended by both the State and the defendant. It takes into consideration the defendant's commission of the most egregious crime in the Montana Criminal Code, deliberate homicide of a totally innocent victim, Clyde Colin Wilson, in a senseless and cowardly manner. And it does take into consideration the youth of the defendant and absence of any prior criminal record.

¶5 The court entered its written Judgment and Commitment on April 3, 2009. Petersen filed a Notice of Appeal on May 6, 2009. In August 2009, Petersen moved this Court to stay appellate proceedings and remand to allow him to file a motion to withdraw his guilty plea in accordance with § 46-12-211(4), MCA. We granted the motion, stating

3

that if the District Court denied Petersen's motion, the District Court record would be returned to this Court for purposes of appeal.

¶6    On January 22, 2010, Petersen moved in District Court to withdraw his guilty plea. The State responded, arguing that while the court's enhancement sentence was precluded because the State did not seek a penalty enhancement in its Information as required in § 46-1-401, MCA, the remedy was not to allow Petersen to withdraw his plea, but rather to strike the improperly imposed weapon enhancement and re-sentence Petersen.

¶7    On March 5, 2010, the District Court entered an Amended Judgment and Commitment striking the offending 10-year enhancement sentence. The court also denied Petersen's motion to withdraw his guilty plea. Petersen filed an "Objection to Amended Judgment" which the District Court "overruled." In the court's order overruling Petersen's objection, the court asserted it had "inherent authority to correct a judgment by the deletion of a provision unlawfully imposed, the weapons enhancement, when it is to the Defendant's advantage, has been concurred in by the Plaintiff and . . . satisfies the sole issue raised by the Defendant in his Motion to Withdraw Guilty Plea." These rulings concluded the District Court proceeding in this matter and the court's record was returned to this Court for appeal.

## STANDARD OF REVIEW

¶8    The District Court's denial of Petersen's motion to withdraw his guilty plea was based upon the court's decision to issue an amended sentence. The court's original and amended sentences required the District Court to interpret and apply §§ 46-1-401 and 46-12-211, MCA. We review a district court's conclusions of law and interpretation of

4

statutes de novo for correctness. *State v. Shepard,* 2010 MT 20, ¶ 7, 355 Mont. 114, 225 P.3d 1217 (internal citations omitted).

## DISCUSSION

¶9 *Did the District Court err when it amended its original judgment and denied Petersen's motion to withdraw his guilty plea?*

¶10 On appeal, Petersen argues that the District Court lacked jurisdiction to modify his original sentence. Petersen asserts that "[o]nce a valid sentence is imposed, a court lacks jurisdiction to modify that sentence absent specific statutory authority." *Gilbert v. State*, 2002 MT 258, ¶ 17, 312 Mont. 189, 59 P.3d 24 (citations omitted). Petersen opines that no such statutory authority exists in this case. Petersen also submits that by adding a weapon enhancement sentence, the District Court "rejected" the plea agreement. He professes, therefore, that under § 46-12-211(4), MCA, he should be allowed to withdraw his guilty plea. *State v. Bullplume*, 2009 MT 145, ¶¶ 23-24, 350 Mont. 350, 208 P.3d 378 (If a sentencing court rejects a plea agreement made pursuant to § 46-12-211(1)(b), MCA, "the court shall . . . afford the defendant an opportunity to withdraw the plea.").

¶11 Petersen further claims that while § 46-18-116(3), MCA, "empowers district courts to 'correct a factually erroneous sentence or judgment at any time,' " the sentence imposed here was not a factually erroneous sentence capable of correction under this statute. Petersen maintains that the sentence was illegal, and only this Court has the power to review and correct an illegal aspect of a sentence. He therefore asks that we reverse the District Court's denial of his motion to withdraw his guilty plea and remand

for a trial on deliberate homicide and its included offense of mitigated deliberate homicide.

¶12 The State argues that Petersen's case does not require this Court to address a district court's post-judgment authority to impose or increase punishment nor even a court's authority to strike an illegal aspect of a sentence. Citing § 46-18-116(3), MCA, the State asserts "[t]he court may correct a factually erroneous sentence or judgment at any time." The State submits the court always intended to follow the plea agreement, and that it was merely correcting an earlier exercise of authority it did not have and which it did not intend to exercise.

¶13 It is clear that the District Court lacked statutory authority to sentence Petersen to an additional 10 years for a weapon enhancement. Section 46-1-401(1)(a), MCA, provides: "A court may not impose a penalty enhancement specified in . . . Title 46 . . . unless: the enhancing act, omission, or fact was charged in the information . . . ." It is undisputed that the State did not charge Petersen with a weapon enhancement charge in the Information. As a result, the District Court's sentence enhancement constituted an illegal sentence.

¶14 Turning to the statute addressing a district court's authority to correct its own judgments, § 46-18-116(3), MCA, provides in its entirety:

> The court may correct a factually erroneous sentence or judgment at any time. Illegal sentences must be addressed in the manner provided by law for appeal and postconviction relief.

As the District Court issued a partially illegal sentence rather than a factually incorrect one, the plain language of this statute requires that such a sentence be reviewed by this

Court on appeal or during postconviction proceedings and not be "corrected" by the District Court. While Petersen characterizes the District Court's original sentence as a "rejection of the plea agreement," authorizing him to withdraw his guilty plea, we conclude the District Court expressly accepted the plea agreement but erroneously appended the 10-year sentence enhancement. This being so, the proper remedy is not to allow Petersen to withdraw his guilty plea but rather to review the partially illegal sentence on appeal.

¶15 Both parties argue that *State v. Heafner*, 2010 MT 87, 356 Mont. 128, 231 P.3d 1087, supports their position. Heafner pled guilty to aggravated burglary by accountability, aggravated assault by accountability, and tampering with witnesses and informants, all felonies. *Heafner*, ¶ 3. The district court sentenced Heafner to 40 years in prison and included in his sentence various conditions "should [Heafner] be paroled." *Heafner*, ¶ 4. Heafner challenged his sentence, arguing that the district court lacked the power to impose conditions upon parole as that power resided exclusively with the Board of Pardons and Parole. *Heafner*, ¶ 5. Acknowledging that this Court has employed different approaches for correcting a partially illegal sentence, we determined that a consistent approach should be utilized. *Heafner*, ¶ 11. Therefore, we stated:

> [W]hen a portion of a sentence is illegal, the better result is to remand to the district court to correct the illegal provision. Remand to give the district court the opportunity to correct the illegal provision should be ordered unless, under the particular circumstances of the case, the illegal portion of the sentence cannot be corrected. If so, the case should be remanded to the district court with instructions to strike the illegal conditions.

¶16 Applying the rule of *Heafner*, we cannot remand for "correction" of the court's sentence enhancement, as the enhancement was unlawful under governing statutes. Therefore, we deem it appropriate to vacate the amended judgment entered by the District Court, and remand with instructions to strike the weapon enhancement sentence from the court's original April 3, 2009 judgment. This will have the effect of reinstating the original judgment containing the sentence contemplated in the plea agreement, and will eliminate any legal basis for Petersen to withdraw his guilty plea.

¶17 We acknowledge that this decision appears to elevate form over substance, as the effect of remand with instructions to strike the weapon enhancement sentence in the original judgment is the same as intended by the District Court when it entered its amended judgment. However, as argued by Petersen, under § 46-18-116(3), MCA, and *Heafner*, the District Court did not have the authority to amend its own unlawful judgment.[1] We on the other hand do have the authority to review and correct an illegal aspect of a sentence.

## CONCLUSION

¶18 For the foregoing reasons, we vacate the District Court's amended judgment, affirm the court's denial of Petersen's motion to withdraw his guilty plea, and remand with instruction that the District Court strike the 10-year sentence enhancement term from Petersen's original judgment.

---

[1] We note that under § 46-21-101, et seq., MCA, a district court has the authority to vacate, set aside, or correct a sentence previously entered, upon a properly filed petition for postconviction relief. However, as no postconviction petition was filed in this matter, the provisions of § 46-21-101, MCA, do not apply here.

/S/ PATRICIA COTTER

We Concur:

/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE