

DA 10-0429

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 196

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SEBASTIAN WALTER OLIVARES-COSTER,

      Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC 2009-201
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Eileen A. Larkin,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

            Leo J. Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  August 10, 2011

Decided:  August 16, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Sebastian Olivares-Coster appeals from a sentence imposed by the District Court, First Judicial District, Lewis and Clark County.  We affirm in part, reverse in part and remand for further proceedings.

ISSUE

¶2     The issue on appeal is whether the District Court erred when it concluded that State law imposes a 60-year restriction on Olivares-Coster's parole eligibility.

BACKGROUND

¶3     On June 4, 2009, Olivares-Coster was charged with one count of Deliberate Homicide, § 45-5-102(1)(a), MCA, and two counts of Attempted Deliberate Homicide, §§ 45-5-102(1)(a) and 45-4-103(1), MCA.  He was seventeen years old at the time of the alleged offenses.  On November 19, 2009, represented by counsel, Olivares-Coster pled guilty to all counts.  As part of the plea agreement, the State agreed to refrain from taking any position regarding Olivares-Coster's parole eligibility, leaving that issue to the discretion of the District Court.

¶4     A sentencing hearing was held on April 2, 2010.  At the close of the hearing, the District Court pronounced three life-sentences on Olivares-Coster, one for each count. The two life-sentences for the attempted deliberate homicide counts were to run concurrent with each other but consecutive to the life-sentence for the deliberate homicide count.  The District Court did not impose any parole restrictions, but concluded "Defendant will be parole eligible in 60 years, if my math is correct."  Later, the District

2

Court explained, "the reason why I'm not restricting his parole eligibility, first of all, 60 years down the road is a long time." She further stated, "I'm considering his youth, the fact that he was under the age of 18 . . . I also believe that having parole eligibility in the future will facilitate any possible rehabilitation that he could have . . . . Just knowing that there's a light at the end of the tunnel, that will give him hope, and that will make him a better prison inmate."

¶5 On July 16, 2010, the District Court issued a written Judgment and Commitment. The Judgment provided that the "defendant shall be parole eligible after sixty (60) years of incarceration." Additionally, the Judgment reconfirmed that Olivares-Coster would not receive a discretionary restriction on parole eligibility "in light of the defendant's youth, to facilitate his rehabilitation and to help effect positive conduct by him in prison." Olivares-Coster filed a timely appeal.

STANDARD OF REVIEW

¶6 "Where a defendant was sentenced to more than one year of actual incarceration, and therefore is eligible for sentence review, we review the sentence for legality only." *State v. Bullplume*, 2011 MT 40, ¶ 10, 359 Mont. 289, 251 P.3d 114.

DISCUSSION

¶7 *Whether the District Court erred when it concluded that State law imposes a 60-year restriction on Olivares-Coster's parole eligibility.*

¶8 Olivares-Coster asserts that the District Court incorrectly concluded that his parole eligibility would automatically be restricted for 60 years, because such a restriction is precluded by § 46-18-222(1), MCA. He concedes no objection was raised at the trial

3

level, but asserts that this Court can review his claim under *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979). Under *Lenihan*, an appellate court may "review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000; *accord State v. Holt*, 2011 MT 42, ¶ 35, 359 Mont. 308, 249 P.3d 470. The State agrees that *Lenihan* applies here. We will review Olivares-Coster's claim despite his failure to raise it at sentencing.

¶9 At the outset, the District Court's oral pronouncement of sentence is inconsistent with the written Judgment and Commitment. At sentencing, the District Court did not orally impose a 60-year restriction on Olivares-Coster's parole eligibility. Rather, the District Court presumed that such a restriction automatically applied. Probation Officer Lori Moore had testified at the sentencing hearing that if the District Court imposed a life-sentence without any discretionary parole restriction, Olivares-Coster would be eligible for parole in 30 years. Moore's testimony was premised on § 46-23-201(4), MCA, which provides, "[a] prisoner serving a life sentence may not be paroled under this section until the prisoner has served 30 years." The District Court, after discussing whether the sentences on the three counts were to be consecutive or concurrent, concluded, "and the result of that is the Defendant will be parole eligible in 60 years, if my math is correct." The District Court later explained, "the reason why I'm not restricting his parole eligibility, first of all, 60 years down the road is a long time."

¶10 In conflict, the District Court's written Judgment and Commitment explicitly states, "defendant shall be parole eligible after sixty (60) years of incarceration." Where

there is a discrepancy between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *State v. Duncan*, 2008 MT 148, ¶ 51, 343 Mont. 220, 183 P.3d 111; *State v. Rennaker*, 2007 MT 10, ¶ 48, 335 Mont. 274, 150 P.3d 960. Thus, the District Court's oral pronouncement of sentence controls in this case.

¶11 The issue here is whether the District Court correctly concluded that Olivares-Coster's parole would be automatically restricted for 60 years. A district court's sentencing authority is constrained by statute. *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, 133 P.3d 206. A district court does "not have the power to impose a sentence unless authorized by a specific grant of statutory authority." *State v. Burch*, 2008 MT 118, ¶ 23, 342 Mont. 499, 182 P.3d 66.

¶12 The District Court concluded that § 46-23-201(4), MCA, automatically restricted Olivares-Coster's parole. However, as Olivares-Coster points out, § 46-23-201(4), MCA, conflicts with § 46-18-222(1), MCA. That section provides:

> **Exceptions to mandatory minimum sentences, restrictions on deferred imposition and suspended execution of sentence, and restrictions on parole eligibility.** Mandatory minimum sentences prescribed by the laws of this state, mandatory life sentences prescribed by 46-18-219, the restrictions on deferred imposition and suspended execution of sentence prescribed by 46-18-201(1)(b), 46-18-205, 46-18-221(3), 46-18-224, and 46-18-502(3), and *restrictions on parole eligibility do not apply if*:
>
> (1) the offender was *less than 18 years of age* at the time of the commission of the offense for which the offender is to be sentenced[.]

(Emphasis added.) Olivares-Coster was 17 years old at the time he committed the offenses. Section 46-23-201(4), MCA, constitutes a restriction on parole eligibility. As applied to juveniles, the statutes conflict. Section 46-23-201(4), MCA, generally applies

5

a 30-year restriction on parole eligibility for a life sentence, but § 46-18-222(1), MCA, denies the application of such a restriction to offenders under the age of 18.

¶13 The State argues § 46-18-222(1), MCA, should be interpreted based upon the statutory scheme and legislative history. However, the language of § 46-18-222(1), MCA is clear and unambiguous, and requires no further interpretation. *Burch*, ¶ 23.

¶14 We conclude that § 46-18-222(1), MCA, is more specific than § 46-23-201(4), MCA, and controls in this case. "In situations where general and specific statutes exist and the two cannot be harmonized to give effect to both, the specific statute controls." *State v. Brendal*, 2009 MT 236, ¶ 18, 351 Mont. 395, 213 P.3d 448; *see Holt*, ¶ 62; § 1-2-102, MCA. Here, the specific language of § 46-18-222(1), MCA, referring to offenders who are less than 18 years of age when their offenses are committed, takes precedence over the general restriction on parole eligibility of § 46-23-201(4), MCA, rendering the 30-year restriction inapplicable to Olivares-Coster. Consequently, the District Court was incorrect when it concluded that Olivares-Coster's parole eligibility would be automatically restricted pursuant to § 46-23-201(4), MCA. As there is no statutory authority for the District Court's conclusion that "[t]he defendant will be parole eligible in 60 years," this portion of Olivares-Coster's sentence is illegal.

¶15 We next turn to the question of the proper remedy. In the past, this Court did not employ a single rule "regarding the appropriate remedy for a partially illegal sentence. . . ." *State v. Heafner*, 2010 MT 87, ¶ 9, 356 Mont. 128, 231 P.3d 1087. Rather, the Court examined the "sentence and record to determine the appropriate remedy." *State v. Heath* 2004 MT 58, ¶ 49, 320 Mont. 211, 89 P.3d 947. The Court generally "vacated or

remanded with instructions to strike when the illegal portion of a sentence was a condition of a suspended sentence or a sentence enhancement." *Heath*, ¶ 49. On the other hand, "remand for re-sentencing was the general practice where an illegal sentencing provision 'affected the entire sentence, or where we were unable to determine what sentence the district court would have adopted had it correctly followed the law.'" *Heafner*, ¶ 10 (quoting *Heath*, ¶ 49). These were hardly hard-and-fast rules, and the disparate approaches resulted in unpredictable and inconsistent dispositions. *Heafner*, ¶¶ 9-10.

¶16     In *Heafner*, we "determined that a consistent approach should be utilized" and articulated a new standard:

> [W]hen a portion of a sentence is illegal, the better result is to remand to the district court to correct the illegal provision. Remand to give the district court the opportunity to correct the illegal provision should be ordered unless, under the particular circumstances of the case, the illegal portion of the sentence cannot be corrected. If so, the case should be remanded to the district court with instructions to strike the illegal conditions.

*Heafner*, ¶ 11; *accord State v. Petersen*, 2011 MT 22, ¶ 15, 359 Mont. 200, 247 P.3d 731. This new standard strives for consistency, ultimately asking whether the illegal condition is correctable, without recourse to the more amorphous approaches previously applied. Olivares-Coster argues we should remand with an order to strike the offending language in his written sentence. We agree.

¶17     In *Heafner*, the district court imposed parole conditions without statutory authority. *Heafner*, ¶ 6. This Court remanded with an order to strike the illegal conditions. *Heafner*, ¶ 13. In *Petersen*, the district court imposed an unlawful 10-year

7

weapon enhancement. *Petersen*, ¶¶ 13, 16. This Court remanded with an order to strike, concluding "we cannot remand for 'correction' of the court's sentence enhancement, as the enhancement was unlawful under the governing statutes." *Petersen*, ¶ 16. Thus, the determinative factor was that it was impossible to correct a sentence enhancement done in the absence of statutory authority. *Petersen*, ¶¶ 13, 16.

¶18 Regarding, the dissent's citation to *State v. Guill*, 2011 MT 32, 359 Mont. 225, 248 P.3d 826, the district court had imposed restitution, as authorized by § 46-18-201(5), MCA, but failed to "specify the total amount of restitution that the offender shall pay." *Guill*, ¶ 52; § 46-18-244(1), MCA. While the district court had the authority to order restitution, this Court remanded for correction so that the district court could hold further proceedings to reach a specific dollar amount. *Guill*, ¶ 52. In contrast, here the District Court lacked statutory authority to apply § 46-23-201(4), MCA, to Olivares-Coster. Thus, *Guill* has no application here.

¶19 The dissent equates "correction" with allowing the District Court to consider whether to impose discretionary parole eligibility restrictions. However, the District Court explicitly declined to exercise such discretion. Section 46-18-202(2), MCA. We should not speculate whether the District Court would have imposed a discretionary parole restriction when in fact the District Court explicitly declined to do so in the oral pronouncement of sentence.

¶20 Here, a 60-year restriction on Olivares-Coster's parole eligibility pursuant to § 46-23-201(4), MCA, was expressly prohibited by § 46-18-222(1), MCA. As in *Heafner* and *Petersen*, remand for correction would be futile, as there is no way to correct

8

unauthorized reliance on § 46-23-201(4), MCA. The proper remedy is remand to the District Court with an order to strike the illegal restriction on Olivares-Coster's parole eligibility. *Heafner*, ¶ 11. Additionally, we decline the State's invitation to remand for re-sentencing so "the district court can decide whether to impose a discretionary parole eligibility requirement." The District Court already explicitly declined to impose any discretionary parole eligibility restriction "in light of the defendant's youth, to facilitate his rehabilitation and to help effect positive conduct by him in prison."

¶21    As we have held that the 60-year parole eligibility restriction, pursuant to § 46-23-201(4), MCA, does not apply, there is no need to address Olivares-Coster's other arguments.

¶22    The Judgment and Commitment of the District Court is reversed to the extent it provides that the "defendant shall be parole eligible after sixty (60) years of incarceration." Upon remand, the District Court shall strike this provision. In all other respects, the sentence is affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

Justice James C. Nelson, specially concurring.

¶23    I join the Court's Opinion, with the following caveat.

¶24    Underlying the District Court's sentencing decision, and implicit in the arguments in this appeal, is the assumption that the District Court had statutory authority to place a

9

partial parole-eligibility restriction on Olivares-Coster's sentence. In my view, this assumption is mistaken.

¶25 As the Court states, a district court does not have the power to impose a sentence unless authorized by a specific grant of statutory authority. Opinion, ¶ 11. As I have argued previously, § 46-18-202(2), MCA, does not specifically grant a district court authority to place conditions on parole eligibility or, more relevant to the present case, to impose a partial restriction on parole eligibility. *State v. Holt*, 2011 MT 42, ¶¶ 45-46, 359 Mont. 308, 249 P.3d 470 (Nelson & Cotter, JJ., concurring in part and dissenting in part). There is one—and only one—restriction authorized by this statute, as evidenced by the statute's repeated references to "the restriction." And "the restriction" which the statute authorizes is "the restriction that the offender is ineligible for parole . . . while serving that term [of imprisonment]"—period. Either the offender is deemed ineligible for parole while serving the term of imprisonment, or he is not. For this reason, I would overrule *State v. Kirkbride*, 2008 MT 178, ¶ 18, 343 Mont. 409, 185 P.3d 340, and *State v. Bullman*, 2009 MT 37, ¶ 34, 349 Mont. 228, 203 P.3d 768, both of which construed § 46-18-202(2), MCA, contrary to its plain language. *Holt*, ¶ 46 n. 2 (Nelson & Cotter, JJ., concurring in part and dissenting in part).

¶26 In the present case, Olivares-Coster was less than 18 years of age at the time he committed the offenses. As such, he is not subject to restrictions on parole eligibility. Opinion, ¶ 12; § 46-18-222(1), MCA. Had Olivares-Coster been 18 years of age or older at the time, then the District Court could have imposed the restriction that he would be ineligible for parole *for the entire term of his imprisonment*. Section 46-18-202(2),

MCA. But regardless of Olivares-Coster's age, the District Court never had express statutory authority to place a partial, 60-year restriction on Olivares-Coster's parole eligibility. Under the statutory scheme, a sentencing judge has express authority to say that an inmate will *never* be parole eligible. Section 46-18-202(2), MCA. But that is the extent of the judge's authority. If the judge does not impose that restriction, then the decision as to whether, when, and under what conditions an inmate becomes eligible for parole is exclusively the prerogative of the parole board. *Holt*, ¶ 64 (Nelson & Cotter, JJ., concurring in part and dissenting in part). Any suggestion to the contrary is, in my view, incorrect.

¶27 With the foregoing caveat, I concur.

/S/ JAMES C. NELSON

Justice Patricia O. Cotter joins the Concurrence of Justice James C. Nelson.

/S/ PATRICIA COTTER

Justice Beth Baker, concurring in part and dissenting in part.

¶28 I concur with the Court's conclusion that the thirty-year parole eligibility restriction for life sentences contained in § 46-23-201(4), MCA, does not apply in this

11

case because Olivares-Coster was less than eighteen years of age at the time the offense was committed. Section 46-18-222(1), MCA, creates an explicit exception to statutory restrictions on parole eligibility for offenders under eighteen at the time of the offense. *See Graham v. Florida*, 130 S. Ct. 2011, 2036 (Appendix) and 2049 n. 6 (Thomas, J., dissenting) (2010) (both opinions pointing out that the Montana statute forbids life without parole for juvenile offenders). In my view, the statutes do not conflict; rather, § 46-18-222(1), MCA, creates an explicit and unambiguous exception from § 46-23-201(4), MCA. It is therefore unnecessary to apply the rules of statutory interpretation under which a specific provision controls over a general provision where the two are inconsistent. *See Opinion*, ¶ 14; § 1-2-102, MCA.

¶29 While I agree the District Court mistakenly assumed the statute requires a sixty-year parole eligibility restriction in this case, I disagree with the remedy chosen by the Court to correct the error. Consistent with *Heafner*, I would remand to the District Court to correct the illegal provision of the sentence rather than simply to strike the illegal condition.

¶30 In cases decided since *Heafner*, we have followed "the better result" of remanding for the district court to "correct the illegal provision" of the sentence. In *State v. Guill*, 2011 MT 32, 359 Mont. 225, 248 P.3d 826, for example, we reversed the court's imposition of restitution where it had not reduced the obligation to a stated amount and remanded for correction of "this illegal provision." We allowed the court, on remand, to conduct "such further proceedings as it deems appropriate" and to consider the relevant facts and circumstances in determining a specified amount of restitution. *Guill*, ¶¶ 52-53.

12

In *State v. Lambert*, 2010 MT 287, 359 Mont. 8, 248 P.3d 295, we noted that remand for resentencing was appropriate because "[s]triking or vacating illegal conditions of a sentence when they could be corrected on remand could eliminate conditions that support important public policies such as protecting crime victims or rehabilitating the criminal." *Lambert*, ¶ 14, *quoting Heafner*, ¶ 12. *Peterson*, in contrast, involved an illegal imposition of a ten-year weapon enhancement, when the State had not included the weapon enhancement charge in the Information. *Peterson*, ¶ 13. Because the district court had expressly accepted the parties' plea agreement, but then erroneously appended the ten-year enhancement, we remanded with instructions to strike the illegal portion of the sentence. *Peterson*, ¶ 16.

¶31 In this case, the District Court undoubtedly had authority to impose a parole eligibility restriction. See § 46-18-202(2), MCA; *State v. Kirkbride*, 2008 MT 178, ¶¶ 16-21, 343 Mont. 409, 185 P.3d 340. The restriction the court imposed is illegal because of the court's erroneous application of § 46-23-201(4), MCA. That is a provision of the sentence that can be corrected. *Heafner*, ¶ 11.

¶32 As the Court observes, the sentencing court's oral pronouncements control over any discrepancy in the written judgment. *See Duncan*, ¶ 51. In explaining its reasons for declining to impose any discretionary restriction on Olivares-Coster's eligibility for parole, the District Court assumed the statutory parole restriction would apply, stating, "60 years down the road is a long time." Given this explanation, I believe the sentencing court should be given the opportunity to consider whether to impose any parole eligibility

13

restriction at all.  To the extent the Court limits the District Court to merely striking the parole eligibility restriction on remand, I respectfully dissent.

/S/ BETH BAKER

Justice Jim Rice joins in the concurring and dissenting opinion of Justice Beth Baker.

/S/ JIM RICE

14