

DA 11-0115

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 11N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DANIEL J. WOODS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-227
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Joslyn Hunt, Chief Appellate Defender; Sarah Chase Rosario,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

           Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

           Fred Van Valkenburg, Missoula County Attorney; Suzy Boylan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  November 9, 2011

Decided:  January 17, 2012

Filed:

_____
                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Daniel J. Woods (Woods) appeals from the decision of the District Court for the Fourth Judicial District, Missoula County, granting the State's motion to amend judgment regarding a restriction on his eligibility for parole.  We affirm.

¶3      Woods claims that the District Court's written and amended judgment does not conform to the court's oral pronouncement of sentence.  He claims that parole eligibility restrictions not contemplated during oral sentencing were added in the written judgment, thus substantially increasing his loss of liberty.

¶4      Following a six-year history of sexual contact with an underage relative, Woods was charged with Incest, pursuant to § 45-5-507, MCA.  He agreed to plead guilty in exchange for a recommended sentence of 40 years with 15 years suspended.  The written agreement was accepted by the District Court on August 17, 2010.

¶5      The District Court orally sentenced Woods to Montana State Prison for the agreed upon 40 years with 15 years suspended.  His eligibility for parole was also conditioned upon completion of phases I and II of the sexual offender treatment program.  This caused the prosecutor to ask whether these conditions were necessary since Woods would

not be eligible for parole for 25 years due to the mandatory minimum sentence of § 45-5-507(5)(a)(i), MCA.  The District Court then responded:

> The conditions of the 15-year suspended portion of the sentence are those that are listed—and incidentally—the reason I gave you the 25 years is in part because it complies with the plea agreement and the presentence report, but I believe that it's also a mandatory minimum sentence pursuant to 45. . . . Or excuse me, 46-18-222.  And I didn't find that any of the exceptions apply in your particular case, based on what I've seen in the presentence report and the psychosexual evaluation.

¶6      Thus, while unequivocally saying that it would apply no exceptions to the mandatory minimum sentence, the District Court confusedly invoked the statute that allows deviation from the mandatory minimum sentence.  The District Court further stated that it was rejecting the recommendation in the psychosexual evaluation that Woods be sentenced under the exception found at § 46-18-222(6), MCA, because "frankly, after reading that psychosexual evaluation I think that the defendant is a sexual predator and poses a risk to the community and that I should follow the statutes."  Section 45-5-507(5)(a)(i), MCA, provides that "during the first 25 years of imprisonment, the offender is not eligible for parole."

¶7      The written judgment issued on January 7, 2011, sentenced Woods to 40 years at Montana State Prison with 15 years suspended pursuant to § 45-5-507, MCA, but did not address the issue of parole eligibility.  On January 19, the State moved to amend the written judgment to clarify that Woods would not be eligible for parole under any circumstances for 25 years.  The District Court granted the State's motion on January 21.

¶8      Woods filed an objection three days later, arguing that because he had not been sentenced to 100 years pursuant to § 45-5-507(5)(a)(i), MCA, the District Court had

3

anticipated parole at the sentencing hearing and meant to apply the mandatory minimum sentencing exceptions found at § 46-18-222(6), MCA. The District Court issued an amended written judgment on February 15, designating Woods a tier II sexual offender and unequivocally denying that it intended to apply the § 46-18-222(6), MCA, sentencing exception. Acknowledging that the proceedings had been confusing, the court, quoting from the transcript of the sentencing hearing, stated that its intent had been to impose the mandatory minimum penalty prescribed by law.

¶9 The oral pronouncement of a criminal sentence in the presence of the defendant is the legally effective sentence and valid, final judgment; the written judgment is merely evidence of the oral sentence. *State v. Olivares-Coster*, 2011 MT 196, ¶ 10, 361 Mont. 380, 259 P.3d 760; *State v. Johnson*, 2000 MT 290, ¶ 15, 302 Mont. 265, 14 P.3d 480 (quoting *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9). When determining whether the written judgment is unlawful by reason of its non-conformance with the oral pronouncement of sentence, we examine (1) whether the defendant was afforded the opportunity to respond to its inclusion upon sufficient notice at sentencing, and (2) whether that portion of the written judgment substantively increases the defendant's loss of liberty. *Johnson*, ¶ 24.

¶10 Woods was afforded ample opportunity to object at both the sentencing hearing and in his January 24, 2011, brief filed prior to the amended written judgment. Following the sentencing hearing colloquy between the prosecutor and the District Court regarding Woods' parole eligibility, the court told Woods' attorney, "I will certainly allow you to respond to anything that's in this sentencing memorandum. . . . " The court then

informed the parties that it would issue a tier level designation along with a detailed opinion as soon as the parties' respective briefs were submitted. Woods was offered the opportunity to--and did--respond to the inclusion of the mandatory parole restriction in the amended written judgment. Regarding the second *Johnson* requirement, as noted above, an examination of the record indicates that the amended written judgment did not substantively increase Woods' loss of liberty. *See Johnson*, ¶ 24.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that the appellant has not met his burden of persuasion, and the issues in the case are controlled by settled Montana law.

¶12 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON

5