
DA 11-0403

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 138N

RONALD L. PETERSEN,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-08-26
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Ronald L. Petersen (Self-Represented), Shelby, Montana

For Appellee:

Steve Bullock, Montana Attorney General, Mark W. Mattioli, Appellate
Services Bureau Chief, Helena, Montana

Mitch Young, Lake County Attorney, Polson, Montana

Submitted on Briefs:  June 6, 2012

Decided:  July 2, 2012

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ronald Petersen appeals an order of the District Court for the Twentieth Judicial District, Lake County, denying his Petition for Post Conviction Relief as well as his Motion to Suppress Confession. We affirm.

¶3 In January 2009, Petersen pled guilty to Deliberate Homicide in the shooting death of Clyde Wilson. Petersen admitted that in the early morning hours of December 31, 2007, Petersen broke into Wilson's home and shot Wilson to death while Wilson lay sleeping next to his girlfriend and 5-month-old baby. At the time of the shooting, Petersen was on active duty with the Army. He was arrested at Fort Bragg, North Carolina, and extradited to Montana.

¶4 After initially pleading not guilty, Petersen executed an Acknowledgment of Rights and Plea Agreement wherein he agreed to plead guilty to the charge of Deliberate Homicide in connection with Wilson's death, and the State agreed to recommend a sentence of 100 years with no time suspended. There was no mention in the plea agreement of an enhanced sentence for the use of a weapon. At the change of plea hearing, Petersen was advised of the rights he was waiving. The District Court accepted

2

Petersen's guilty plea and sentenced him to 100 years in the Montana State Prison along with a consecutive sentence of 10 years for the use of a weapon.

¶5 Petersen appealed to this Court, but while the appeal was pending, Petersen filed a motion to withdraw his guilty plea. He contended in his motion that he would not have pled guilty if he had known that an enhanced sentence was a possibility. Petersen also argued that the District Court lacked authority to impose an enhanced sentence for the use of a weapon because the enhancement was not charged in the Information. This Court agreed and remanded the case to the District Court with orders to strike the weapon enhancement from Petersen's sentence thereby eliminating the basis for Petersen's motion to withdraw his guilty plea. *State v. Petersen*, 2011 MT 22, 359 Mont. 200, 247 P.3d 731.

¶6 In April 2011, Petersen filed a *pro se* Petition for Postconviction Relief wherein he claimed that he was provoked and that his use of force was justified. He also claimed that he was manipulated and pressured into pleading guilty. In addition, Petersen filed a Motion to Suppress Confession claiming that his confession was coerced. In response, the State asserted that not only were Petersen's postconviction claims unsupported and procedurally barred, those claims were waived when Petersen entered his guilty plea. The State also asserted that Petersen's motion to suppress was untimely and that it also was waived by virtue of Petersen's guilty plea. The District Court adopted the State's rationale and denied Petersen's petition and motion.

¶7 In his appeal brief filed in this Court on November 9, 2011, Petersen set forth the following seven "main points" in support of his appeal:

1: The civilian warrants used in my arrest have no authority on a military installation.
2: The warrants used in my arrest were not addressed to the military police and CID agents who arrested me.
3: The military police and CID agents were never ordered by military officials to arrest me.
4: Because of my illegal arrest, the search and seizure is also illegal.
5: My statement was not only the fruit of an illegal search, but also acquired through coercion.
6: Because of the illegality of the first statement, any later statement is also rendered illegal.
7. My plea of guilty should be allowed to be withdrawn because of ineffective assistance of counsel and because of the district court rejecting the plea agreement.

In addition, Petersen filed an Amendment to Direct Appeal of Postconviction Relief on December 23, 2011, wherein he contended that the District Court Judge who issued his arrest warrant falsified the date on the warrant; that his brother Loren was interrogated illegally; and that his half-brother Ryon was not a credible witness.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶9 Petersen's claim that he should be allowed to withdraw his guilty plea because the District Court rejected the plea agreement, was already decided against him in his direct appeal to this Court. *See Petersen*, ¶ 18. The doctrine of *res judicata* bars relitigation of this issue when it was adequately raised on direct appeal. *Gollehon v. State*, 1999 MT 210, ¶ 51, 296 Mont. 6, 986 P.2d 395.

¶10 Moreover, Petersen waived the right to raise his remaining claims when he pled guilty. The Acknowledgment of Rights Petersen signed stated in part:

I acknowledge that my attorney has explained to me and advised me of the following and I fully understand that:

4

1. I have the right to object to and move for the suppression of any evidence that may have been obtained in violation of the law or constitution.

.   .   .

3. I have the right to a speedy and public trial by jury and at that trial I have the following rights:

.   .   .

h. The right to present a defense to the charges at trial including but not limited to, alibi, self-defense, mental disease or defect, entrapment, compulsion, mistake and lack of specific intent.

.   .   .

6. By pleading guilty, I will "waive" or give up those rights mentioned above.

And, the Plea Agreement Petersen signed stated that he "fully understands his rights, both constitutional and statutory, of which he was advised at the initial appearance in this cause and further understands that by pleading guilty in accordance with this agreement he hereby waives said rights."

¶11    Consequently, Petersen waived his claims when he entered his guilty plea. *See State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104. Furthermore, postconviction relief is not available upon claims that a petitioner could have raised on direct appeal:

(2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. . . .
(3) For purposes of this section, "grounds for relief" includes all legal and factual issues that were or could have been raised in support of the petitioner's claim for relief.

Section 46-21-105(2), MCA. Thus, if a petitioner fails to adequately raise issues in his direct appeal, he is procedurally barred from doing so on postconviction relief. *Gollehon*, ¶ 51.

¶12 Based on the foregoing, we hold that all of the claims Petersen raises in this appeal are procedurally barred.

¶13 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS