DA 13-0546

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 292N

IN THE MATTER OF:

D.C., JR.,

     A Youth and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DJ 12-49
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Wade M. Zolynski, Chief Appellant Defender, Eileen A. Larkin, Nicholas
Domitrovich, Assistant Appellate Defenders, Helena, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

        Fred Van Valkenburg, Missoula County Attorney, Helena, Montana

Submitted on Briefs:  October 1, 2014
Decided:  November 5, 2014

Filed:

                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.C. appeals from the Youth Court's oral pronouncement of a sentence under the Extended Juvenile Prosecution Act (EJPA), §§ 41-5-1601 to -1607, MCA, which included a stayed adult sentence that did not specify the type of commitment or length of sentence. We reverse and remand for resentencing.

¶3 On March 11, 2012, D.C. and his mother went to the Missoula County Detention Center to report that D.C., then aged 16, had been involved in a robbery. D.C. was informed of his rights and he and his mother agreed to a recorded interview. D.C.'s mother said she had seen a television news story about a robbery of a Town Pump gas station in Lolo. The story included surveillance images from the Town Pump, which showed a suspect wearing a mask from the movie "Scream," a black hooded sweatshirt, and yellow gloves, carrying a single-strap bag and a black handgun. The images showed the suspect pointing the handgun at the store clerk. The morning after seeing this story, D.C.'s mother discovered a box outside the family home that contained a mask, a single-strap bag, yellow cleaning gloves, a black hooded sweatshirt, and a Daisy air pistol. She said she immediately knew D.C. had been involved in the robbery. D.C. said he had decided to rob the Town Pump as a way of coming up with some money, because he had been unable to find a job. D.C. obtained

2

$68.31 from the robbery and spent some of it on food and other items. The remaining $28.00 was still in his wallet and was seized as evidence.

¶4 On April 3, 2012, a petition was filed in Youth Court alleging that D.C. had committed robbery, punishable as a felony if committed by an adult. The petition also requested that the case be designated an extended jurisdiction juvenile prosecution. On April 4, 2012, D.C. denied the charges in the petition. He also objected to application of the EJPA, arguing that it violates double jeopardy because it allows imposition of both a juvenile disposition and an adult sentence. The Youth Court denied the objection, and after a hearing, found extended jurisdiction was appropriate in this case. On December 12, 2012, D.C. admitted to robbery as alleged in the petition. Prior to disposition, he moved to suspend the proceedings and enter into a consent decree. The Youth Court denied the motion and proceeded to disposition.

¶5 At the dispositional hearing on March 13, 2013, the State recommended probation until D.C.'s 25th birthday, with the opportunity to petition for early release from supervision at age 21. Additionally, the State recommended a five-year adult commitment to the Department of Corrections, to be stayed on the condition that D.C. remained compliant with the conditions of probation. The Youth Court orally imposed a sentence placing D.C. on probation until age 25, with the opportunity to petition for an early discharge at age 21. The State asked the Court if it also intended to impose an adult sentence. The Court replied: "Well, we could—yeah, and it is stayed, and the Court will, also, impose all of the conditions of probation, that Youth Court has recommended." The oral disposition did not state the length of the stayed adult sentence or the type of commitment. The written disposition stated

3

that D.C. would be placed on probation until age 25, with the opportunity to petition for early release at age 21. It made no mention of an adult sentence.

¶6      Although we generally do not review issues not objected to in the trial court, we will review a sentence alleged to be illegal or in excess of statutory mandates even if no objection was raised. *In re K.M.G.*, 2010 MT 81, ¶ 19, 356 Mont. 91, 229 P.3d 1227. Where a court's oral pronouncement of sentence conflicts with its written judgment, the oral pronouncement controls. *State v. Olivares-Coster*, 2011 MT 196, ¶ 10, 361 Mont. 380, 259 P.3d 760.

¶7      If a youth in an extended jurisdiction juvenile prosecution admits to, or is adjudicated to have committed, an offense that would be a felony if committed by an adult, the court is to impose a single judgment consisting of two parts: a juvenile disposition and an adult sentence. Section 41-5-1604(1)(a), MCA. The adult sentence is to be stayed on the condition that the youth continues to comply with the provisions of the juvenile disposition order. Section 41-5-1604(1)(a)(ii), MCA. The combined juvenile disposition and adult sentence, however, may not exceed the maximum term of imprisonment that could be imposed on an adult for that offense. Section 41-5-1604(1)(b), MCA. An adult convicted of robbery must be sentenced to a term of not less than two or more than 40 years. Section 45-5-401(2), MCA.

¶8      D.C. argues, and the State concedes, that the matter must be remanded to the Youth Court for clarification of the length and type of commitment to be imposed as the stayed adult sentence. The Youth Court was required to impose a stayed adult sentence of not less than two or more than 40 years, but which, when combined with the juvenile disposition, would not exceed an overall term of 40 years. Sections 41-5-1604(1)(b), 45-5-401(2), MCA.

4

The Youth Court's oral pronouncement of sentence did not comply with these statutory mandates, because it did not specify that D.C.'s overall sentence would be for a term of less than 40 years. Therefore, we must remand for resentencing.

¶9 D.C. also argues that on remand, the Youth Court should be limited to imposition of the five-year DOC commitment recommended by the State at the dispositional hearing. Our review of the oral disposition indicates that the Youth Court intended to adopt the State's recommendation. The Youth Court adopted the State's recommendations regarding the juvenile disposition. When prompted by the State regarding whether it wished to impose the adult sentence, the Youth Court said "yeah, and it is stayed," and added that it would also accept the recommended conditions of probation. The Youth Court's vague response regarding the adult sentence was given in the midst of its oral pronouncement generally accepting the State's recommendations. It is therefore apparent that the oral pronouncement was intended to also include acceptance of the State's recommendation for a five-year DOC commitment. We agree that on remand, the adult sentence imposed by the Youth Court should not exceed the five-year DOC commitment recommended by the State in the prior proceeding.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d)(iii) of our Internal Operating Rules, pursuant to which this Court may enter a noncitable memorandum opinion reversing the judgment of the trial court where it is manifest on the face of the briefs and the record that the judgment is contrary to settled Montana law. Having reviewed the briefs and the record, we conclude D.C. has demonstrated that the judgment of the Youth Court is clearly contrary to settled Montana law.

¶11    Reversed and remanded for resentencing consistent with prior proceedings.


                                        /S/ LAURIE McKINNON

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE