

FILED

07/20/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0328

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0328

RONALD PETERSEN,

Petitioner,

v.

PETE BLUDWORTH,
Crossroads Correctional Facility,

Respondent.

FILED

JUL 2 0 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Ronald Petersen has filed a Petition for Writ of Habeas Corpus, arguing that his sentence is illegal, violating Montana's statutory scheme for sentencing, because the District Court imposed parole conditions. He requests that this Court remand the matter to strike the illegal conditions #16 through #19.

Petersen is serving a 100-year sentence for deliberate homicide, with no time suspended, imposed in the Twentieth Judicial District Court, Lake County. Petersen appealed his conviction and sentence. *State v. Petersen*, 2011 MT 22, 359 Mont. 200, 247 P.3d 731. He appealed twice the District Court's denials of his petitions for postconviction relief. *See Petersen v. State*, No. DA 11-0403, 2012 MT 138N, 2012 Mont. LEXIS 185 and *Petersen v. State*, No. DA 18-0329, 2019 MT 117N, 2019 Mont. LEXIS 20.

In his instant Petition, Petersen contends that he is "entitled to habeas corpus relief because [his] sentence was imposed without specific statutory authority." He states that these conditions of parole in his sentencing judgment "form the illegal element of [his] sentence."

Petersen is correct that a district court cannot impose conditions of parole. *See State v. Burch*, 2008 MT 118, ¶ 30, 342 Mont. 499, 182 P.3d 66 ("sentencing judges do not have a general or residual authority to impose parole conditions[.]"). Petersen, however, has

recommendations for parole from the court. A sentencing court may include recommendations to the Board of Pardons and Parole for parole conditions. *State v. Heafner*, 2010 MT 87, ¶ 6, 356 Mont. 128, 231 P.3d 1087. We reviewed Petersen's Amended Judgment and Commitment, filed March 5, 2010. The District Court stated: "In the event the Defendant is ever paroled, the [c]ourt recommends the Department of Corrections and Board of Pardons incorporate the following conditions and consider the Defendant's objections attached hereto[.]" Conditions # 16 through #19 concern payment of mandatary surcharges, pursuant to statute, for various court fees and preparation of the presentence investigative report. *See* §§ 46-18-236(1)(b), (c), MCA (2007); § 3-1-317(1)(a), MCA (2007); and § 46-18-111(3), MCA (2007).

We conclude that the District Court did not exceed or violate Montana's statutory authority in imposing this sentence upon Petersen. Petersen's sentence is facially valid. He is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Petersen's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy to counsel of record and to Ronald Petersen.

DATED this 20 day of July, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2