FILED

02/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0472

DA 20-0472

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 35N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

RONALD EUGENE KNAPP,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. BDC-20-110
                    Honorable Elizabeth Best, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Chad Wright, Appellate Defender, Haley Connell Jackson, Assistant
           Appellate Defender, Helena, Montana

       For Appellee:

           Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
           Attorney General, Helena, Montana

           Joshua A. Racki, Cascade County Attorney, Great Falls, Montana

                    Submitted on Briefs:  January 26, 2022

                                Decided:  February 15, 2022

Filed:

                 _____
                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ronald Eugene Knapp appeals a July 27, 2020 sentencing order and judgment from the Eighth Judicial District Court in Cascade County. Knapp pleaded guilty to a charge of failure to register as a sexual offender, and the District Court sentenced him to five years with the Department of Corrections (DOC). On the conviction for failure to register, the District Court designated Knapp a "level 2" sexual offender, and its written sentencing order required him to complete an intensive sex offender treatment program in order to be eligible for parole, although the judge did not include this condition in her oral pronouncement of the sentence.

¶3 Knapp asks this Court to remand the sentencing order with instructions to strike the "level 2" designation and the parole eligibility condition. Knapp points out that tiered sexual offender designation levels are only legal components of a sentence for a "sexual offense"—which failure to register is not—and that parole restrictions are not allowed for sentences to DOC, as opposed to those to state prison. The State concedes each of these points and agrees that these components of Knapp's sentence should be stricken on remand.

2

¶4 The parties are correct. We review criminal sentences that include at least a year of incarceration for legality, meaning they must adhere to the mandates of applicable sentencing statutes and fall within the parameters set. *State v. Parks*, 2019 MT 252, ¶ 7, 397 Mont. 408, 450 P.3d 889. Here, the District Court's July 27, 2020 sentencing order failed to comport with the applicable sentencing laws in these two respects.

¶5 Regarding the tiered sexual offender level, district courts may only make such designations at sentencing for "sexual offenses." Section 46-23-509(1)-(3), MCA; *State v. Greene*, 2015 MT 1, ¶ 30, 378 Mont. 1, 340 P.3d 551. Failure to register as a sexual offender does not qualify as a "sexual offense" as defined by § 46-23-502(9), MCA. *Greene*, ¶ 30. Thus, the "level 2 sexual offender" designation must be stricken from the sentence the District Court imposed here.

¶6 Regarding the parole condition, a sentence committing a defendant to the custody of DOC is different than a sentence of incarceration in state prison. *State v. Bekemans*, 2013 MT 11, ¶ 49, 368 Mont. 235, 293 P.3d 843. Section 46-18-202(2), MCA, authorizes district courts to impose parole restrictions like the sexual treatment requirement imposed here only for at least one-year terms of imprisonment in state prison. A district court does not have the authority to impose such a restriction for a commitment to DOC. *Bekemans*, ¶ 49. Thus, the provision requiring intensive sex offender programming before parole eligibility must also be stricken from Knapp's sentence here.

¶7 The parole condition must also be stricken for another reason. At Knapp's sentencing hearing, the District Court included no such provision in its oral pronouncement of the sentence. When oral and written sentences conflict, the oral pronouncement of the

3

sentence controls and operates as the legally effective sentence. *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9. Thus, in fact, the controlling sentence in place for Knapp contains no parole eligibility provision. The District Court's revision on remand will serve to correct an error in the written judgment rather than act as a change to the effective sentence. *Lane*, ¶ 48; § 46-18-116, MCA. The State argues that on remand, the District Court should be able to modify the intensive sex offender programing provision to merely make it a recommendation. But because the controlling sentence—the oral pronouncement—included no such provision, all the District Court may do is correct the written order to conform with its effective judgment, not modify the sentence in this additional respect. *See State v. Olivares-Coster*, 2011 MT 196, ¶¶ 20, 22, 361 Mont. 380, 259 P.3d 760 (refusing to allow the addition of discretionary provisions on remand when the oral order in place already declined to include them).

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9     We remand the District Court's July 27, 2020 sentencing order and judgment with instructions to strike the level 2 sexual offender designation and the intensive sex offender programming condition.


                              /S/ MIKE McGRATH


4

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ INGRID GUSTAFSON