No. 04-315

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 33

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

MARVIN RALPH MANN,

       Defendant and Appellant.

APPEAL FROM:    The District Court of the Seventeenth Judicial District,
                  In and For the County of Blaine, Cause No. DC 2003-18,
                  Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Jeremy S. Yellin, Attorney at Law, Havre, Montana

       For Respondent:

       Hon. Mike McGrath, Montana Attorney General,
       Mark Mattioli, Assistant Attorney General, Helena, Montana

       Yvonne Laird, Blaine County Attorney, Chinook, Montana

                           Submitted on Briefs: September 7, 2005

                                Decided: February 16, 2006

Filed:

              _____
                           Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Marvin Mann (Mann) appeals a District Court ruling that he failed to rebut the presumption of regularity accorded to two prior DUI convictions. We reverse and remand.

## ISSUE

¶2 The issue on appeal is whether the District Court incorrectly determined that Mann failed to overcome the "presumption of regularity" accorded to his 1993 and 1994 DUI convictions.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On August 9, 2003, deputies from the Blaine County Sheriff's Department stopped a car traveling west on Highway 2. Mann was driving the vehicle and exhibited signs of intoxication. At the officers' request, Mann performed field sobriety tests, which he failed. He agreed to provide a PBT field breath sample which indicated that he had consumed alcohol. After being transported to the Sheriff's Office, Mann provided an Intoxylizer breath sample that indicated a blood alcohol content (BAC) of .151. He was charged by Information on August 15, 2003, with felony Driving or in Actual Physical Control of a Motor Vehicle While Under the Influence of Alcohol and misdemeanor driving on a suspended license. The suspended license charge was subsequently dropped.

¶4 Mann was previously convicted of DUIs in 1993, 1994, 2000, and 2002, all in Roosevelt County. For each of these previous DUIs, Mann pleaded guilty. At the time of his 1993 and 1994 DUIs, he signed identical verification of arraignment forms indicating that his guilty plea was given "voluntarily, without promises or threats," and that he understood that

2

he was waiving his right to a trial. In his 2000 and 2002 DUIs, he attested that he entered his guilty plea "knowingly, willfully and intelligently."

¶5 Mann also pleaded guilty to the 2003 DUI that is the subject of this case. However, at the time of his plea he requested that he be allowed to challenge the number of previous convictions that would be used to determine whether his 2003 DUI would be characterized as a felony or a misdemeanor. The District Court granted his request and ordered that Mann's Brief and the State's Response be filed prior to the scheduled sentencing hearing date. The parties were told they could argue their respective positions at the hearing.

¶6 Mann argued in his Motion to Strike and at the hearing that the DUI convictions entered in 1993 and 1994 were obtained in violation of his federal and state constitutional rights. He maintained that the verification of arraignment (VOA) forms presented to him after his 1993 and 1994 arrests were confusing and inaccurate as to his right to counsel. He also argued that he perceived the forms as a threat that he should not request counsel. The "right to counsel" provision contained in the 1993 and 1994 VOA forms provided, verbatim:

> 4). That I have a right to have legal counsel represent me, but since no provision is made for payment of legal counsel in the lower court, I would be required to pay for such counsel, unless I fill out such form claiming indigency, that I would be sworn as to the truthfulness of statements, this form would then be turned over to the County Attorney who would have an investigation made, if statements made were found to be false I could be tried for perjury. If found true, the Judge may or may not appoint legal counsel to represent me at the State's expense. [sic]

3

Additional provisions included:

> 6). Trial: That I may represent myself or have legal counsel. That the County/City Attorney will act as prosecuting attorney. The jury could find me "Not Guilty" or "Guilty". That if found "Guilty" the Court would set punishment as prescribed by law;
> 7). That at the trial I may examine any witnesses appearing against me. I have the right to subpoena witnesses to appear on my behalf;
> 8). That I may waive these rights and enter a plea of "Guilty" and upon which the Court will render judgment;
> 9). That in accordance with section 46-17-203 MCA, [i]f I enter a plea of "guilty" I waive the right to a trial de novo in District Court, and that if I enter a plea of "Guilty" I do so voluntarily, without promises or threats; . . . .

¶7 Mann asserted that after reading the entire form, especially the above-quoted right to counsel provision, he chose not to request counsel; instead, he pled guilty to the misdemeanor DUI charges. He submitted that as a result of the incorrect and confusing language, his decision to proceed without representation did not constitute a knowing, intelligent and voluntary waiver of his right to counsel.

¶8 The record shows that the VOA forms provided by the same city court to Mann for his 2000 and 2002 DUIs had been revised to include a correct, succinct and easy-to-understand statement of a defendant's right to counsel as well as a direct question asking a defendant if he or she wished to waive the right to an attorney.

¶9 The State countered in its Response Brief and at the hearing that Mann presented no direct evidence of irregularity of the prior convictions. Additionally, the State noted, the VOA form also contained a provision stating that if a defendant enters a guilty plea, he or she does so "voluntarily, without promises or threats."

4

¶10     At the sentencing hearing on April 9, 2004, the court determined that Mann failed to rebut the presumption of regularity accorded his 1993 and 1994 DUI convictions. As a result of this ruling, these previous DUIs remained on Mann's record and were used by the District Court to conclude that Mann's 2003 DUI constituted his fourth or subsequent DUI and therefore supported a conviction of felony DUI. The court sentenced Mann in accordance with the felony DUI statutes. Mann filed a timely appeal.

## STANDARD OF REVIEW

¶11     The District Court's ruling that Mann failed to rebut the presumption of regularity accorded his previous DUI convictions is a conclusion of law that we review for correctness. *State v. Okland* (1997), 283 Mont. 10, 14, 941 P.2d 431, 433.

## DISCUSSION

¶12     The Sixth Amendment of the United States Constitution, and Article II, Section 24, of the Montana Constitution, guarantee the fundamental right to the assistance of counsel. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; *State v. Craig* (1995), 274 Mont. 140, 148, 906 P.2d 683, 688 (citing *State v. Langford* (1994), 267 Mont. 95, 99, 882 P.2d 490, 492; *cert. denied*, 517 U.S. 1195, 116 S.Ct. 1689, 134 L.Ed.2d 790). Indigent defendants are entitled to legal representation by court-appointed counsel at public expense. *State v. Enright* (1988), 233 Mont. 225, 228, 758 P.2d 779, 781 (overruled on other grounds by *State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817).

¶13     The fundamental right to counsel does not extend to defendants who waive that right. *Craig*, 274 Mont. at 152, 906 P.2d at 690. However, courts indulge in every reasonable

5

presumption against waiver of fundamental constitutional rights and will not indulge in any presumption of waiver. *State v. Swan*, 2000 MT 246, ¶ 17, 301 Mont. 439, ¶ 17, 10 P.3d 102, ¶ 17 (citing *Brewer v. Williams* (1977), 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424, 440).

¶14 For a waiver to be effective, a defendant must waive a known right "knowingly, intelligently and voluntarily." *Duffy v. State*, 2005 MT 228, ¶ 13, 328 Mont. 369, ¶ 13, 120 P.3d 398, ¶ 13. These words have common and accepted meanings. "Knowingly" simply means having "knowledge, information and understanding" of relevant facts before acting or making a decision. American Heritage Dictionary 971 (4th ed. 2000). In *State v. McCarthy*, 2004 MT 312, ¶ 32, 324 Mont. 1, ¶ 32, 101 P.3d 288, ¶ 32, we explained that "there can be no waiver by one who does not know his rights or what he is waiving." "Intelligently" means "applying one's knowledge" in order to make a decision or commence an action; in other words, having an understanding of the relevant facts of a situation. American Heritage Dictionary 910 (4th ed. 2000). And "voluntarily" means acting under one's own will, without constraint or expectation of reward. American Heritage Dictionary 1929 (4th ed. 2000). In *State v. Wetzel*, 2005 MT 154, ¶¶ 16-17, 327 Mont. 413, ¶¶ 16-17, 114 P.3d 269, ¶¶ 16-17, we explained that a "voluntary" consent to search means a consent given without threats, duress or coercion.

¶15 It is well settled in Montana that the State may not use a constitutionally infirm conviction to support an enhanced punishment, such as felony DUI. *State v. Snell*, 2004 MT 334, ¶ 25, 324 Mont. 173, ¶ 25, 103 P.3d 503, ¶ 25 (internal citation omitted). *See also State*

6

*v. Joseph*, 2003 MT 226, ¶ 8, 317 Mont. 186, ¶ 8, 75 P.3d 1273, ¶ 8. When a defendant attacks a prior criminal conviction that is to be used to enhance punishment, a "presumption of regularity" attaches to such conviction. *Snell*, ¶ 25. In other words, a prior conviction is presumed to be valid absent evidence to the contrary. The defendant may overcome the presumption with direct evidence of irregularity. Once a defendant produces such direct evidence, the burden then shifts to the State to prove by a preponderance of the evidence that it did not obtain the prior conviction in violation of the defendant's rights. *Snell*, ¶ 25.

¶16 In the case before us, because a presumption of regularity is accorded Mann's 1993 and 1994 DUIs, we first determine whether Mann produced direct evidence that his constitutional rights were violated in obtaining these earlier convictions. "Direct evidence" is evidence that proves a fact without an inference or presumption and which in itself, if true, establishes that fact. Section 26-1-102(5), MCA.

¶17 To rebut the presumption of regularity, Mann presented to the District Court an affidavit stating that he would have liked to have counsel assist him with the 1993 and 1994 DUI charges but could not afford counsel at that time and felt threatened by the "right to counsel" language of the VOA. Mann, who did not complete high school and was twenty-seven years old in 1993, testified that he was confused, nervous and frightened by the right to counsel advisory language. He stated that he did "not really" understand it and thought he could get in more trouble than he was in already. He argued that under these circumstances, his decision to proceed without counsel as to those DUIs was not a voluntary, knowing and intelligent waiver of his right to counsel.

7

¶18     In parsing the "right to counsel" language contained in the 1993 and 1994 VOAs, Mann points out that:

1.  First, he was told he had a right to counsel;

2.  He was then told that there was no money available for this counsel;

3.  He was told he would have to pay for counsel;

4.  He was told he would not have to pay for counsel if he swore he could not afford counsel;

5.  He was told that his statement that he could not afford counsel would be investigated by the very entity that was seeking to punish him for DUI;

6.  He was told that if his statement was found by the punisher to be untrue, he would be punished further; and

7.  He was told that even after requesting counsel based on inability to pay and the subsequent investigation confirming his indigence, he still *may not* be provided with a free attorney.

¶19     Mann argues that the language of the "right to counsel" advisory, as detailed above, is confusing, and is not a true statement of the law.  Thus, he maintains the language of the VOA itself is *prima facie* evidence of irregularity.

¶20     The State argues that the "right to counsel" language in the VOA correctly set forth Mann's right to request counsel if he was indigent, correctly indicated the possibility that he may face further charges if he gave false statements, and correctly informed Mann that appointment of counsel was at the court's discretion after review of his statement of indigence.  The State further argues that Mann was familiar with the legal process having had a previous DUI in 1984 that was expunged from his record as well as other driving-related

8

offenses. Lastly, the State submits that the VOA expressly provided that Mann entered his plea voluntarily, without promises or threats, and that he waived his right to a trial.

¶21   The District Court concluded, based on *Okland* but without applying any specific language from *Okland* to Mann's case, that Mann had not rebutted the presumption of regularity. The court stated that at the time Mann signed the VOA forms in 1993 and 1994, he was alone with the judge who presided over those cases. The court noted that it found nothing threatening in the VOA language and that Mann had signed the guilty plea stating that he did so "voluntarily, without promises or threats."

¶22   In *Okland*, Okland was charged with felony DUI, based on three previous DUI convictions. He moved to dismiss the felony DUI charge, arguing that at the time he pled guilty to a prior DUI, he was not represented by an attorney, had not been adequately advised of his constitutional right to an attorney, had not waived his right to counsel, and had been denied a court-appointed attorney despite having requested one. The District Court granted his motion to dismiss and the State appealed, arguing that Okland had failed to rebut the presumption of regularity afforded his earlier DUI conviction. We affirmed the District Court, holding that an affidavit in support of a motion to dismiss felony DUI charges which established that at the time of a prior conviction, the defendant 1) could not afford to hire an attorney; 2) asked for but was not provided a court-appointed attorney; 3) was convicted without the assistance of counsel; and 4) was actually imprisoned for his conviction, was direct evidence of the constitutional infirmity of the prior conviction. *Okland*, 283 Mont. at 19, 941 P.2d at 437.

¶23    Unlike Mann, Okland requested an attorney but was denied one.  This is a critical distinction and presumably formed the basis of the District Court's determination that, under *Okland*, Mann did not rebut the presumption of regularity.  We conclude, however, that in the case before us, the inaccurate and confusing language of this particular "right to counsel" advisory constitutes sufficient evidence of irregularity.

¶24    The 1993 and 1994 forms contain no express provision by which Mann could indicate in writing an affirmative waiver of his right to counsel.  Moreover, the final sentence in the advisory is an incorrect statement of Mann's constitutional rights.  The right to counsel is fundamental, applying to all persons with equal force, regardless of the person's ability to compensate the attorney.  It is well settled that "indigent defendants are entitled to legal representation by court-appointed counsel at public expense." *Enright*, 233 Mont. at 228, 758 P.2d at 781 (citing *Gideon*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799).  Therefore, the VOA language informing Mann that even after he filled out indigence forms and underwent a criminal investigation regarding his truthfulness as to indigence, the District Court could still choose *not* to appoint counsel to represent him at the State's expense, was an incorrect statement of the law.  This infirmity alone is sufficient to demonstrate that Mann's waiver of counsel was not knowingly given.  Further, the remaining "right to counsel" language contained in the 1993 and 1994 VOA forms was confusing and intimidating, in that it threatened additional prosecution for perjury.  In sum, we conclude that, given the erroneous, intimidating and virtually indecipherable language of the VOA signed by Mann in 1993 and

10

1994, Mann did not enter into a knowing, intelligent or voluntary waiver of his right to counsel.

## CONCLUSION

¶25    For the foregoing reasons, we vacate Mann's 1993 and 1994 DUI convictions and reverse Mann's felony DUI conviction. Because, as explained above, the State already exercised its opportunity to establish that it did not obtain these convictions in violation of Mann's rights, we need not remand to provide the State with another such opportunity. Therefore, we remand exclusively for re-sentencing in accordance with misdemeanor DUI charges.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS

11