FILED

03/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0574

DA 18-0574

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 61

STATE OF MONTANA,

      Plaintiff and Appellees,

  v.

RODNEY HOLDER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                    In and For the County of Gallatin, Cause No. DC 16-431B
                    Honorable Rienne McElyea, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jami L. Rebsom, Jami Rebsom Law Office, P.L.L.C., Livingston, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Jeremiah Langston, Assistant
            Attorney, Helena, Montana

            Martin D. Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  February 5, 2020

Decided:  March 17, 2020

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Rodney Holder (Holder) appeals from the denial of his motion to strike a prior offense, by the Eighteenth Judicial District Court, Gallatin County. We affirm and state the issue as follows:

> *Did the District Court err by denying Holder's motion to strike a prior conviction for purposes of enhancing his current DUI charge to a felony?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On November 26, 2016, Bozeman Police Department Officer Zachary Dorow initiated a stop after observing Holder's vehicle turning into the wrong driving lane and crossing into the bicycle lane. When Dorow made contact with Holder, Holder informed him that he had a suspended driver's license. Dorow observed that Holder had slurred speech and smelled of alcohol, leading Dorow to investigate and ultimately arrest Holder for DUI. Subsequent searches revealed a pipe with what appeared to be marijuana residue on Dorow's person, and a bag of marijuana in his vehicle.

¶3 The State filed an Information charging Holder with Driving Under the Influence of Alcohol, fourth or subsequent offense, a felony; Criminal Possession of Dangerous Drugs, a misdemeanor; Driving While License Suspended or Revoked (third offense), a misdemeanor; and Criminal Possession of Drug Paraphernalia, a misdemeanor. The State charged the DUI as a felony based on three alleged prior DUI-related convictions, including a January 1990 conviction in Deaf Smith County, Texas. The State subsequently

2

discovered and submitted to the District Court evidence of a fourth DUI conviction out of Spokane County, Washington.

¶4 Holder filed a motion to strike the prior convictions. As to the 1990 conviction from Texas, Holder argued the State had not provided competent proof the conviction actually occurred. The State argued it had done so, relying on Holder's National Crime Information Center (NCIC) criminal record. The record stated, among other arrests and convictions, that Holder had been arrested on January 6, 1990 for driving under the influence of liquor, also noted on the record as a "DWI." The NCIC record stated the disposition of that DWI offense as "convicted."

¶5 At the hearing on Holder's motion, Holder's attorney conceded the NCIC record stated "disposition: convicted" regarding the Texas DWI charge, but argued there was no "conviction" as defined by Montana statute because "there is no disposition like we'd normally see on an NCIC for a DUI. We would see an actual sentence." The District Court partially granted Holder's motion, striking the 2009 Spokane County, Washington, DUI conviction that was supported only by an email from the Spokane County Case Management office, and which did not appear on Holder's NCIC record. However, the court denied the motion as to the 1990 Texas DWI conviction, reasoning:

> [T]he State has met its burden by providing evidence of the fact that Defendant has a 1990 DUI conviction out of Texas. A presumption of regularity attaches to Defendant's prior record and the Court presumes Defendant was sentenced as part of his 1990 conviction. Defendant failed to rebut that presumption by providing any evidence that Defendant did not have a DUI sentence as part of his 1990 conviction out of the state of Texas.

3

¶6     Pursuant to an oral plea agreement, Holder subsequently pled guilty to felony DUI, misdemeanor Driving While Licensed Suspended, and misdemeanor Criminal Possession of Drug Paraphernalia, reserving his right to challenge the denial of his motion on appeal.

## STANDARD OF REVIEW

¶7     Generally, whether a prior conviction may be used to enhance a sentence is a question of law which we review de novo.  *State v. Lund*, 2020 MT 53, ¶ 6, __ Mont. __, __ P.3d __.  "However, in determining whether a prior conviction is invalid, the court may first need to make findings of fact, based on oral and documentary evidence presented by the parties, regarding the circumstances of that conviction.  We will not disturb such findings unless they are clearly erroneous."  *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64 (citations omitted).

## DISCUSSION

¶8     *Did the District Court err by denying Holder's motion to strike a prior conviction for purposes of enhancing his current DUI charge to a felony?*

¶9     Relying on our decision in *State v. Krebs*, 2016 MT 288, 385 Mont. 328, 384 P.3d 98, Holder argues the District Court erred by concluding the State provided competent proof of his 1990 Texas DWI conviction because the NCIC criminal record report did not also include information about a sentence or judgment.  The State answers that the issue requiring reversal in *Krebs*—uncertainty about whether the prior conviction was for DUI or DUI "per se"—is not present here, and that the District Court properly concluded the

4

State had provided competent proof of the Texas conviction under application of the presumption of regularity, which Holder did not rebut.[1]

¶10 An individual convicted of DUI who also has three or more prior DUI or DUI-equivalent convictions is guilty of a felony. Section 61-8-731(1), MCA. A "conviction" is defined in the Criminal Code as "a judgment of conviction and sentence entered upon a plea of guilty or nolo contendere or upon a verdict or finding of guilty of an offense rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." Section 45-2-101(16), MCA. In order to use a prior conviction for purposes of enhancing a DUI to a felony, the State must provide "competent proof that the defendant in fact suffered a prior conviction." *Krebs*, ¶ 19 (internal quotations and citations omitted). Once competent proof of a prior conviction has been provided, "a 'presumption of regularity' attaches to such conviction." *See State v. Mann*, 2006 MT 33, ¶ 15, 331 Mont. 137, 130 P.3d 164 (citing *State v. Snell*, 2004 MT 334, ¶ 25, 324 Mont. 173, 103 P.3d 503). To overcome the presumption, the defendant must provide "direct evidence of irregularity." *Mann*, ¶ 15.

¶11 In *Krebs*, the defendant challenged the use of a 1988 North Dakota DUI conviction as a predicate offense for the felony DUI charge against him. *Krebs*, ¶ 3. The defendant

---

[1] The State also contends Holder did not preserve his argued issue for appeal because, in his district court briefing, Holder only challenged the constitutional validity of the Texas conviction, which, as explained in *Krebs*, ¶¶ 11-13, is a different issue. The State acknowledges that Holder raised the argued issue in the hearing on his motion to strike, but nonetheless argues Holder is raising a new issue or new theory on appeal. However, in its order, the District Court "cautioned" Holder about "changing legal theories at the last minute," but nonetheless addressed the issue on the merits, and we conclude the issue was preserved for appeal.

argued the State had failed to prove the prior conviction was for DUI, and not DUI per se (or, a "blood alcohol concentration conviction"), which would have been expunged from the defendant's record under Montana law. *Krebs*, ¶ 4. Consequently, we explained the issue was "[w]hether the State is required to prove *the existence* of a qualifying conviction in order to treat an alleged fourth DUI offense as a felony." *Krebs*, ¶ 8 (emphasis added). We held the State is so required, but had failed to do so there, because the record was inadequate to demonstrate the prior conviction was for DUI. *Krebs*, ¶ 19.[2]

¶12 Similar to *Krebs*, Holder challenges the *existence* of a prior conviction that would serve as a predicate offense for a felony charge. However, we conclude that the State, in contrast to *Krebs*, here offered competent proof of the conviction. The NCIC criminal record provides the disposition of the 1990 Texas DWI charge as "convicted," which we conclude is competent proof the prior conviction occurred.

¶13 Because the State provided competent proof of the Texas conviction, it is "presumed to be valid absent evidence to the contrary," *Mann*, ¶ 15, and is deemed to be sufficient for purposes of enhancing the current DUI charge. At that point, the defendant must provide direct evidence of irregularity to overcome the presumably valid conviction. *See Mann*, ¶ 15. Holder's argument fails to account for the presumption, and he has pointed to no evidence in the record that the conviction was irregular. Therefore, the District Court did

---

[2] We further explained that the issue of proving the initial existence of a prior conviction differs from a collateral constitutional challenge to a prior conviction, for which this Court has held the defendant bears the initial burden of proving the conviction is constitutionally infirm. *Krebs*, ¶ 12 (citing *Maine*, ¶¶ 33-34).

not err by relying on the 1990 Texas DWI conviction for purposes of enhancing Holder's penalty.

¶14    Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER