FILED

06/13/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0628

DA 22-0628

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 114N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KENTON MADISON SMARTT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-21-161
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Mathew M. Stevenson, Stevenson Law Office, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

      Bill Fulbright, Ravalli County Attorney, David Lakin, Deputy County
Attorney, Hamilton, Montana

Submitted on Briefs:  May 3, 2023

Decided:  June 13, 2023

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On September 8, 2021, Kenton Madison Smartt (Smartt) was charged with felony DUI, fourth offense, and misdemeanor speeding. The State asserted Smartt had a prior DUI conviction of May 23, 2011, in North Dakota, and two prior DUI convictions in Montana on June 6, 2011, and May 31, 2017. Smartt sought dismissal of the felony DUI charge asserting the DUI conviction of May 31, 2017, by the Hamilton City Court was constitutionally infirm and could not be used to enhance the September 2021 DUI charge to a felony. Specifically, Smartt asserted his 2017 DUI conviction was invalid based on the court's failure at the change of plea and sentencing hearing to inform him of his right to counsel prior to entry of his plea.

¶3 When considering the validity of a prior conviction, a rebuttable presumption of regularity attaches and we presume the convicting court complied with the law. *State v. Chaussee*, 2011 MT 203, ¶ 13, 361 Mont. 433, 259 P.3d 783. When challenging the validity of a prior conviction, the defendant has the burden to overcome this presumption

2

by producing affirmative, direct evidence of irregularity[1] and, after doing so, the State has the opportunity to counter the evidence. *Chaussee*, ¶ 13; *see also State v. Howard*, 2002 MT 276, ¶ 13, 312 Mont. 359, 59 P.3d 1075. Following a hearing, the District Court issued its June 17, 2022 Order Denying Defendant's Motion to Dismiss in which it concluded that, even if Smartt overcame the presumption of regularity, his prior 2017 DUI conviction was not invalid as Smartt "was advised of his rights, including the right to counsel" and "knew his rights and understood the proceedings enough to continue without counsel and negotiate his own [plea] deal." It is from this Order that Smartt appeals.

¶4    We review de novo whether a prior conviction may be used for enhancement. *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64; *State v. Wellknown*, 2022 MT 95, ¶ 11, 408 Mont. 411, 510 P.3d 84. When a court makes factual findings when determining if a conviction is invalid, we review such to determine if they are clearly erroneous. *Wellknown*, ¶ 11 (citations omitted).

¶5    From the District Court's June 17, 2022 order denying Smartt's motion to dismiss, it is clear the court correctly understood the presumption of regularity; that the presumption could be rebutted by affirmative, direct evidence of irregularity; and, after doing so, the State had an opportunity to counter that evidence. The State acknowledged that at the entry of plea and sentencing hearing the court did not advise Smartt of his specific right to

---

[1] Producing affirmative, direct evidence of an irregularity does not create a presumption of irregularity, but merely neutralizes the presumption of regularity.

counsel, but contended such was not necessary as the record reflected the court had repeatedly informed Smartt of his right to counsel before this hearing. The District Court basically accepted that the statements contained in Smartt's affidavit to the effect that he was not advised of his right to counsel at the time of the entry of plea and sentencing hearing, constituted affirmative, direct evidence of irregularity.

¶6 A defendant may waive the right to counsel provided he does so voluntarily, knowingly, and intelligently. *Chausee*, ¶ 4. The question here then is whether the record on a whole indicates Smartt knew and understood his right to counsel and made a voluntary determination to represent himself.

¶7 With regard to the 2017 DUI, at arraignment the City Court advised Smartt he was charged with DUI, third offense, and that if convicted, his next DUI would be a felony. The court specifically advised Smartt of his rights including his right to counsel. The court also specifically advised Smartt that he had a right to consult with an attorney before entering any plea and if he could not afford counsel, the court would appoint a public defender. The court asked Smartt if he intended to hire counsel. Smartt replied that at that time he did not have the money to do so. As such, the court appointed OPD defense attorney Jason Kampman as counsel.[2] From appointment of counsel on June 1, 2017, until July 12, 2017, Smartt was represented by Kampman. On July 11, 2017, OPD filed a motion

---

[2] Smartt admits he was advised of his right to counsel and that if he could not afford counsel, the court would appoint him counsel. He also acknowledges that the court appointed him counsel at arraignment.

to rescind the appointment of counsel as Smartt did not financially qualify for OPD services and on July 12, 2017, the court issued an order rescinding the appointment of counsel.[3] Thereafter, Smartt appeared before the court for proceedings on July 21, 2017, and September 11, 2017, where he represented himself pro se and made no inquiry as to or request for appointment of counsel.[4] Smartt met directly with the prosecutor, negotiated a plea agreement, and then signed a plea agreement in which he averred he "knowingly and voluntarily, *after having opportunity to discuss the matter with an attorney*" agreed to enter a guilty plea to the DUI, third offense, charge. (Emphasis added.) The plea agreement also provided that upon entering his plea, he waived the right to appeal or otherwise challenge the conviction. On November 22, 2017, Smartt entered a guilty plea pursuant to the plea agreement, the State dismissed the speeding offense, and the court sentenced Smartt in accordance with the plea agreement.

¶8 Smartt asserts he did not knowingly waive his right to counsel and hangs his hat on *State v. Mann*, 2006 MT 33, 331 Mont. 137, 130 P.3d 164, in support of his contention:

> For a waiver to be effective, a defendant must waive a known right "knowingly, intelligently and voluntarily." *Duffy v. State*, 2005 MT 228, ¶ 13, 328 Mont. 369, [120 P.3d 398]. These words have common and accepted meanings. "Knowingly" simply means having "knowledge, information and understanding" of relevant facts before acting or making a

---

[3] At no time did Smartt contest the OPD motion to rescind counsel or ask the court to reconsider or vacate the order rescinding counsel.

[4] At hearings the court noted Smartt was now a self-represented litigant, that Smartt was in contact with City Attorney, and explained OPD rescinded appointment and Smartt did not request a hearing as to such. Smartt proceeded to represent himself at these proceedings and did not contest being a self-represented litigant or raise any issue related to the right to counsel.

decision. American Heritage Dictionary 971 (4th ed. 2000). In *State v. McCarthy*, 2004 MT 312, ¶ 32, 324 Mont. 1, [101 P.3d 288], we explained that "there can be no waiver by one who does not know his rights or what he is waiving." "Intelligently" means "applying one's knowledge" in order to make a decision or commence an action; in other words, having an understanding of the relevant facts of a situation. American Heritage Dictionary 910 (4th ed. 2000). And "voluntarily" means acting under one's own will, without constraint or expectation of reward. American Heritage Dictionary 1929 (4th ed. 2000). In *State v. Wetzel*, 2005 MT 154, ¶¶ 16-17, 327 Mont. 413, [114 P.3d 269], we explained that a "voluntary" consent to search means a consent given without threats, duress or coercion.

*Mann*, ¶ 14.

¶9 In 2003, Mann was charged with felony DUI, having previously been convicted of DUI in 1993, 1994, 2000, and 2002. *Mann*, ¶¶ 3-4. Mann, a then-27-year-old man who had not completed high school, pled guilty to his first DUI in 1993. Prior to sentencing, he sought to strike the 1993 and 1994 prior DUI convictions for enhancement purposes, asserting the verification of arraignment (VOA) forms were confusing and inaccurate, he perceived them as a threat that he should not request counsel, he did not understand them and thought he would get in more trouble than he was in already if he requested counsel, and he was nervous and frightened. *Mann*, ¶ 17. On appeal, Mann overcame the presumption of regularity of the 1993 and 1994 convictions by submitting the VOAs which contained inaccurate and confusing language informing him that even after filling out indigence forms and undergoing an investigation regarding the truthfulness of indigence, the trial court could still choose not to appoint counsel. This was an incorrect statement of the law which this Court determined was sufficient to show Mann's waiver of counsel was not knowingly given. We further concluded that "the remaining 'right to counsel' language

6

contained in the 1993 and 1994 VOA forms was confusing and intimidating, in that it threatened additional prosecution for perjury" and "given the erroneous, intimidating and virtually indecipherable language of the VOA signed by Mann in 1993 and 1994, Mann did not enter into a knowing, intelligent or voluntary waiver of his right to counsel." *Mann*, ¶ 24. As such, this Court vacated use of Mann's DUI convictions in 1993 and 1994 to enhance his 2003 DUI to a felony and remanded for resentencing for the 2003 DUI as a misdemeanor. *Mann*, ¶ 25.

¶10 This matter is distinguishable from *Mann*. While litigating his 2017 DUI, Smartt was not an inexperienced defendant, having been charged and convicted with two prior DUIs. Unlike Mann, Smartt has not asserted the court's advisement of his right to counsel at his arraignment was confusing, inaccurate, or threatening.[5] Smartt has not asserted educational or other conditions which would interfere with his ability to understand the accurate right to counsel explained to him at arraignment. He has asserted no threat or fear that interfered with his ability to request counsel after the court rescinded counsel's appointment. Despite multiple appearances before the court after counsel was rescinded, he did not contest OPD's motion to rescind counsel's appointment or raise any deficiency of counsel issue until appeal. He negotiated with the State and entered into a written plea agreement where he affirmatively averred having had the opportunity to discuss the matter

---

[5] In fact, he acknowledges the court accurately advised him as to his right to counsel at his arraignment, appointed counsel to represent him, and that he had appointed counsel from his June 1, 2017 arraignment to July 12, 2017.

with an attorney. From the record before us, we find no error with the District Court's determination that Smartt knowingly, intelligently, and voluntarily proceeded to represent himself after counsel's appointment was rescinded.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ INGRID GUSTAFSON


We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR