DA 21-0589

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 196

STATE OF MONTANA,

       Plaintiff and Appellee,

   v.

MIKEL S. LETHERMAN,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 20-0508
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Chad Wright, Appellate Defender, Alexander H. Pyle, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

           Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

           Scott Twito, Yellowstone County Attorney, Victoria Callender, Deputy
County Attorney, Billings, Montana

                          Submitted on Briefs:  August 2, 2023

                                 Decided:  October 24, 2023

Filed:

                           _____
                                     Clerk

FILED

10/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0589

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Mikel Stetson Letherman appeals his sentence from the Thirteenth Judicial District Court, Yellowstone, County, for felony DUI per se.  At his sentencing hearing, Letherman challenged the accuracy of his reported DUI convictions in the Presentence Investigation Report (PSI).  The District Court followed the PSI and imposed a felony sentence.

¶2      The State bears the burden of providing competent proof of the existence of Letherman's prior convictions for the purposes of enhancing Letherman's sentence. Concluding that the PSI alone does not constitute competent proof if its accuracy is challenged, we reverse and remand for sentencing for a misdemeanor DUI.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      On August 25, 2020, the State of Montana charged Mikel Stetson Letherman by Amended Information with DUI, a felony, in violation of § 61-8-401, MCA (2019), and with the alternative charge of DUI per se, a felony, in violation of § 61-8-406, MCA (2019). In its Motion for Leave to File the Amended Information, the State asserted that Letherman had three prior convictions for DUI: April 2005, June 2005, and August 2015.  After a bench trial on January 5, 2021, the District Court found Letherman guilty of DUI per se.

¶4      Prior to sentencing, the State filed a PSI that, in relevant part, provided the following information pertaining to Letherman's criminal history:

1. 02/04/2005, Billings, Operating a Motor Vehicle w/BAC of .08 or above (M), Convicted

2. 04/28/2005, Billings, DUI (M), Convicted;

3. 09/20/2014, Billings, DUI (M), Convicted;

2

4. 08/14/2015, Billings, DUI (M), Convicted;

5. 05/03/2020, Billings, DUI (F), Current Offense; Operating a Motor Vehicle with a BAC of .08 or Greater (F), Current Offense.

An officer from the Billings Regional Office of the Montana Department of Corrections Adult Probation and Parole Bureau completed and signed the PSI. The State certified that it provided a copy of the PSI to counsel representing Letherman at the time.

¶5 Letherman appeared pro se at his sentencing hearing for felony DUI on June 29, 2021. At the beginning of the hearing, the District Court asked Letherman if he had "any additions or corrections to the [PSI]." Letherman responded, "No, sir." After the State recommended the District Court impose the maximum sentence, the District Court asked Letherman for his recommendation. In Letherman's recommendation for treatment court, Letherman stated, "[M]y last DUI in 2015 was a second, I'm getting sentenced on a fourth today." The State responded by pointing to the "criminal history" section of the PSI and stated that Letherman had four prior DUI convictions—two a couple months apart in 2005, and two less than a year apart in 2014 and 2015. The District Court agreed with the State, and Letherman objected in the following colloquy:

> Court: [M]r. Letherman, I agree, when I look at the PSI, that's what they show, it shows four previous convictions for DUI.
>
> Letherman: I don't mean to argue with you, Your Honor, but it's three.
>
> Court: All right. Well, as a matter of record, then, just so we make the record clear, I am proceeding based upon the PSI, and it shows four previous convictions.
>
> Letherman: I just want it on the record that I haven't even been found guilty of a third, Your Honor. . . .

3

¶6     Over Letherman's objection, the District Court relied on the PSI and ordered a felony sentence of five years to the Department of Corrections with three suspended and a $5,000 fine under the sentencing enhancement for a fourth or subsequent DUI in § 61-8-731, MCA (2019) (recodified at § 61-8-1008, MCA).   This Court granted Letherman's out-of-time appeal to determine whether the District Court erred by relying exclusively on the disputed PSI to impose a felony DUI sentence.

## STANDARD OF REVIEW

¶7     "Whether a prior conviction may be used to enhance a criminal sentence is a question of law that we review for correctness."  *State v. Krebs*, 2016 MT 288, ¶ 7, 385 Mont. 328, 384 P.3d 98 (citation omitted).

## DISCUSSION

¶8     To convict a defendant of felony DUI, the defendant must have three or more prior DUI or DUI-equivalent convictions.  *See* § 61-8-731(1), MCA (2019) (recodified at § 61-8-1008, MCA).  A defendant's prior convictions are considered at sentencing.  *Krebs*, ¶ 17 (citations omitted).  "[A] convicted defendant has a due process guarantee against a sentence predicated on misinformation."  *State v. McLeod*, 2002 MT 348, ¶ 16, 313 Mont. 358, 61 P.3d 126 (citing *State v. Orsborn*, 170 Mont. 480, 486, 555 P.2d 509, 513 (1976)).

¶9     When the State seeks to use a prior conviction as a sentence enhancement, "[i]t is the State's burden to prove the fact of a prior conviction."  *Krebs*, ¶ 19 (citation omitted; internal quotations and brackets omitted).   "And the State must do so by presenting '*competent proof* that the defendant in fact suffered the prior conviction.'"  *Krebs*, ¶ 19

4

(quoting *State v. LaMere*, 202 Mont. 313, 321, 658 P.2d 376, 380 (1983) (emphasis in original)). Once competent proof of a prior conviction has been provided, "a presumption of regularity" attaches to the conviction. *State v. Snell*, 2004 MT 334, ¶ 25, 324 Mont. 173, 103 P.3d 503 (citation omitted). The defendant must provide "direct evidence of irregularity" to challenge the use of that conviction to enhance the sentence. *Snell*, ¶ 25 (citation omitted). The State contends that the disputed PSI, on its own, constitutes competent proof of a prior conviction. Letherman contends the PSI may be so used only if it is undisputed.

¶10 Our prior cases have found a defendant's certified driving record and underlying court records to be competent proof. *State v. Perry*, 283 Mont. 34, 36-37, 938 P.2d 1325, 1326-1327 (1997); *see also State v. Faber*, 2008 MT 368, ¶¶ 29-30, 346 Mont. 449, 197 P.3d 941 (certified driving record showing the defendant's convictions, coupled with the presiding judge's testimony regarding the judge's standard procedures held sufficient). In *State v. Holder*, we held that the National Crime Information Center (NCIC) criminal record provides competent proof that the prior conviction occurred. 2020 MT 61, ¶ 12, 399 Mont. 214, 459 P.3d 1282.

¶11 We agree with Letherman that a PSI is not equivalent to an NCIC criminal record. Although the PSI may be based on NCIC report information, a PSI is prepared by Probation and Parole Division employees and it can be inaccurate. *See McLeod*, ¶ 9 (PSI's comments section incorrectly referred to the offense as being the defendant's fifth felony when it was his fourth); *Hirt v. State*, 2009 MT 116, ¶¶ 8-10, 350 Mont. 162, 206 P.3d 908 (PSI documented three prior felony convictions, but defendant correctly reported only one

5

felony conviction). It is the records reported in the PSI that comprise proof of the defendant's criminal history. When a defendant contests the accuracy of that report, the State must be able to demonstrate the underlying proof—through the NCIC report, a certified driving record, or the prior judgments of conviction. Here, unlike in *Holder*, the District Court relied solely on the disputed PSI, rather than on the NCIC criminal record. When Letherman challenged the accuracy, it was incumbent upon the State to submit competent proof of his prior convictions.

¶12 We have not had prior occasion to consider the issue Letherman raises, but we now join other courts in holding that a sentencing court may rely solely on statements of prior convictions in a presentence report only when the defendant does not object to the accuracy of the report's depiction of the defendant's criminal history. When a defendant does object, the State must produce additional evidence to meet its burden of proof. *See, e.g., Kansas v. Schow*, 197 P.3d 825, 833 (Kan. 2008) ("We find . . . a defendant may file a written objection to his or her criminal history worksheet . . . and that such an objection places the burden of the State to produce further evidence establishing the existence of the challenged conviction(s) by a preponderance of the evidence."); *Sutton v. Maryland*, 738 A.2d 286, 297 (Md. 1999) ("[A] presentence investigation report given to the defendant's attorney at the hearing is competent evidence sufficient to prove the factual predicate in order to impose enhanced punishment, provided counsel does not object to the accuracy of the record." (citations and internal quotations omitted)); *Michigan v. Waclawski*, 780 N.W.2d 321, 357 (Mich. 2009) (internal citations omitted) ("[U]pon assertion of a challenge to the factual accuracy of information [in the presentence investigation report], a court has a duty

to resolve the challenge. . .  Once a defendant effectively challenges a factual assertion, the prosecutor has the burden to prove the fact by a preponderance of the evidence.").

¶13    It does not violate due process for a district court to sentence a defendant based upon an *undisputed* PSI that contains inaccuracies, provided that the sentence imposed does not exceed the statutory limitations.  *See McLeod*, ¶¶ 24-26 (citations omitted).  In *Orsborn*, we held that due process was not offended when the district court referred at sentencing to facts outside the PSI because three factors were present: "(1) Defendant was represented by counsel at the time the sentencing information was made known to him; (2) He had the opportunity to rebut the information; [and] (3) Defendant chose to affirm the accuracy of the information." 170 Mont. at 486, 555 P.2d at 513 (internal citations omitted).

¶14    The State contends that Letherman "confirmed the accuracy that he had three prior DUI convictions by repeatedly stating that his last DUI, in 2015, was a second or subsequent conviction before stating he had three prior convictions."  It therefore posits that Letherman affirmed the correctness of the information in the PSI, which constituted a waiver of his due process challenge under *Orsborn*.  The State analogizes Letherman's case to *McLeod*, where this Court affirmed the defendant's sentence based on an inaccurate PSI after the defendant failed to object during his sentencing hearing.  *McLeod*, ¶ 26.  But here, Letherman objected to the PSI's criminal history section at his sentencing hearing by stating, "[M]y last DUI in 2015 was a second, I'm getting sentenced on a fourth today."  It is unclear what Letherman meant when he said at one point, "it's three."  But he again asserted his objection to the PSI by stating, "I just want it on the record that I haven't even been found guilty of a third [DUI], Your Honor. . . ."  It was the State's burden to offer

7

competent proof that the information reported in the PSI was valid. *Krebs*, ¶ 19. It could have done so by offering the NCIC report or a certified copy of Letherman's driving record showing prior convictions. The District Court erred by taking the disputed PSI, without more, as competent proof of Letherman's prior convictions. Letherman's sentence, therefore, is unlawful as it stands now.

¶15 In determining the appropriate remedy for an unlawful sentence, we strive for consistency. *State v. Olivares-Coster*, 2011 MT 196, ¶ 16, 361 Mont. 380, 259 P.3d 760 (citing *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087). The preferred approach is to remand for rehearing so the district court can correct its own error. *Heafner*, ¶ 11. When that task is impossible, however, the unlawful provisions of a sentence will be stricken. *Heafner*, ¶ 11.

¶16 A district court cannot correct a sentence that it had no statutory basis for issuing in the first place. *State v. Petersen*, 2011 MT 22, ¶ 16, 359 Mont. 200, 247 P.3d 731; *Olivares-Coster*, ¶¶ 17, 20. Likewise, an enhanced sentence cannot be corrected below when the State fails to meet its burden to provide competent proof for underlying convictions. *See, e.g., State v. Mann*, 2006 MT 33, ¶ 25, 331 Mont. 137, 130 P.3d 164; *State v. Hass*, 2011 MT 296, ¶ 30, 363 Mont. 8, 265 P.3d 1221.

¶17 In *Mann*, we struck a district court felony DUI sentence after determining the State failed to satisfy its burden to prove the underlying convictions were lawfully obtained. *Mann*, ¶ 15. There, the defendant had received inaccurate and confusing information about his right to counsel when he pleaded guilty and signed verification of arraignment (VOA) forms for underlying misdemeanor DUIs. *Mann*, ¶¶ 18, 24. We held the defendant was

8

effectively denied counsel on those convictions because the plain language of the VOA forms was misleading, and the State failed to meet its burden to establish it had not obtained them in violation of the defendant's rights. *Mann*, ¶¶ 24-25. We remanded with specific instructions to sentence for misdemeanor DUI, finding it imprudent to "remand to provide the State with another such opportunity." *Mann*, ¶ 25. The remedy was the same in *Hass*, where the State failed to provide competent evidence that the defendant was provided effective counsel on the convictions underlying a felony DUI. *Hass*, ¶ 30.

¶18 Here, the State similarly failed to meet its burden to provide competent evidence of the underlying convictions required to enhance Letherman's sentence. Like *Mann*, providing the State with another opportunity to do so on remand would be imprudent and unnecessary.

## CONCLUSION

¶19 We remand for resentencing according to misdemeanor third offense DUI, § 61-8-722, MCA (2019) (recodified at § 61-8-1007, MCA).

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

Justice Beth Baker, concurring and dissenting.

¶20 I concur with the entirety of the Court's analysis but dissent from its chosen remedy. I would instead, as Letherman requests, remand for a new hearing at which the District

9

Court may impose sentence "consistent with as many alleged prior convictions as the State can actually carry its burden to prove."

¶21 The Court recognizes that a district court "cannot correct a sentence that it had no statutory basis for issuing in the first place." Opinion, ¶ 16; *Petersen*, ¶ 16. But Letherman's sentence may not be illegal if he in fact has, as the PSI indicated, three or more prior convictions. The cases the Court cites in remanding for resentencing on a misdemeanor DUI do not support its conclusion.

¶22 *Hass* and *Mann* are readily distinguishable because the defendants in those cases challenged the *validity* of their prior convictions as predicate offenses upon which a felony DUI sentence could be imposed. Those cases were not about determining the *number* of prior convictions on a defendant's record, as is the case here, but whether using those convictions as predicate offenses rendered the sentence illegal.

¶23 Letherman's situation is more like that in *Krebs*, where the defendant challenged the applicability of a 1988 DUI conviction from North Dakota as a qualifying offense for a felony DUI enhancement. *Krebs*, ¶ 3. Krebs argued that the State bore the burden to prove that the 1988 conviction was a qualifying conviction for the DUI sentencing enhancement; the State countered that Krebs bore the burden of proof. *Krebs*, ¶¶ 4-5. The District Court concluded that it was Krebs's burden, and because Krebs had failed to show that the 1988 conviction was expunged from his record, the conviction could be used to support the felony charge. *Krebs*, ¶ 6. This Court agreed with Krebs, ruling that the State bore the burden to prove that Krebs's 1988 conviction could be used to support a felony DUI charge and that the State failed to meet this burden. *Krebs*, ¶ 20. The Court noted,

10

"Requiring competent proof of a prior conviction 'has nothing to do with the validity of the conviction.'" *Krebs*, ¶ 18 (quoting *State v. Cooper,* 158 Mont. 102, 109, 489 P.2d 99, 103 (1971)). The Court continued,

> The District Court acknowledged that "[t]he record is inadequate to provide the Court with sufficient information as to whether [Krebs's 1988 conviction] was a BAC conviction or an 'under the influence' conviction." An "inadequate record" cannot be competent proof that Krebs in fact suffered a prior conviction that would qualify to enhance his penalty to a felony.

*Krebs*, ¶ 19.

¶24 This Court reversed the District Court's order and "remand[ed] to the District Court for further proceedings consistent with this Opinion." *Krebs*, ¶¶ 20, 22. Noteworthy here, the Court analogized to the persistent felony offender statutes, citing cases in which we have "concluded that 'in order to present evidence of a prior conviction in a sentencing proceeding there must be *competent proof* that the defendant in fact suffered the prior conviction.'" *Krebs*, ¶ 18 (quoting *Lamere*, 202 Mont. at 321, 658 P.2d at 380). The *Cooper* case cited in *Krebs* reversed the PFO sentence and sent the case back, stating:

> [W]e do not have competent evidence in the record that defendant is the identical person convicted of a felony as specified in the notice. This has nothing to do with the validity of the conviction, but only as to the sentence. We remand the case to the district court *for further proof of positive identification and resentencing*.

*Cooper*, 158 Mont. at 109, 489 P.2d at 103 (emphasis added). *Cooper* supports Letherman's request for a new sentencing hearing to put the State to its proof as the proper remedy here.

¶25 What is more, because Letherman did not request the relief the Court now orders on its own initiative, the State has not had the opportunity to address the Court's rationale.

We have held that it is error for a court "*sua sponte* to award [a party] a remedy [it] never sought and the State had no opportunity to oppose." *Mont. Dep't of Natural Res. & Conservation v. ABBCO Invs., LLC*, 2012 MT 187, ¶ 30, 366 Mont. 120, 285 P.3d 532.

¶26 I would remand for a new sentencing hearing.

/S/ BETH BAKER